Jesus GARCIA–RODRIGUEZ; Sandra Garcia, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72205.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 25, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rosario Maria Hernandez, Esq., San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Jennifer L. Lightbody, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Jesus Garcia–Rodriguez and Sandra Garcia, husband and wife and natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision pretermitting their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's physical presence determination for substantial evidence, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004), and review due process challenges de novo, *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003). We grant the petition for review.

■ The BIA's finding that petitioners did not demonstrate continuous physical presence was not supported by substantial evidence. Petitioners testified that they resided in the United States continuously for over ten years prior to service of their Notices to Appear, *see* 8 U.S.C. § 1229b(d), and explained their residences and occupations between 1991 and 1993 coherently and consistently. In the absence of an adverse credibility finding, we treat petitioners as having testified credibly and conclude that substantial evidence supports their claim of ten years continuous physical presence. *See Lopez–Alvarado*, 381 F.3d at 851 ("Absent an explicit adverse credibility finding, a witness's testimony must be accepted as true."); *Vera–*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003) (holding that the agency "must have a specific, cogent reason for rejecting a witness's testimony") (internal quotation marks omitted).

We lack jurisdiction to consider petitioners' claim that the IJ erroneously denied them a continuance because they did not exhaust this claim before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

We grant the petition for review and remand to the BIA to remand to the IJ to consider whether petitioners have good moral character and have qualifying relatives who would suffer exceptional and extremely unusual hardship if petitioners were removed.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.